1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE WINEKE,<br><br>                                    Plaintiff,<br><br>        vs.<br><br><br>HOMEQ SERVICING, unknown business entity; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, an unknown business entity; and DOES 1-50, inclusive,<br><br>                                    Defendants. | CASE NO. 09-CV-1689 - IEG (RBB)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S MOTION TO REMAND; and<br><br>(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS.<br><br>[Doc. Nos. 5; 10] |

        This case arises from Plaintiff's attempts in 2008 to obtain a loan modification on her property. After her attempts were unsuccessful, Plaintiff sued Defendants in the Superior Court for the County of San Diego, and Defendant Barclays Capital Real Estate Inc. d/b/a/ HomEq Servicing ("HomEq") removed the case to this Court. [Doc. No. 1]. Currently before the Court is Plaintiff's Motion to Remand, filed on September 29, 2009. [Doc. No. 5]. Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS Plaintiff's motion to remand the case.

        In light of the remand, the Court DENIES AS MOOT Defendant's Motion to Dismiss, filed on October 26, 2009. [Doc. No. 10].

        //

## BACKGROUND

Plaintiff commenced this action on June 24, 2009, by filing a Verified Complaint in the Superior Court for the County of San Diego alleging four causes of action: (1) misrepresentation, (2) violation of California Civil Code § 2923.5, (3) violation of 15 U.S.C. §§ 1601 et seq., and (4) fraud. [Doc. No. 1, Ex. A]. On August 9, 2009, Defendant HomEq removed the case to this Court, alleging that jurisdiction was proper under 28 U.S.C. § 1331 because the Verified Complaint presented a "federal question" in the form of an alleged violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. [Doc. No. 1].

On September 29, 2009, Plaintiff filed a Combined Motion to Amend and Motion to Remand. [Doc. No. 5]. Plaintiff's proposed amended complaint eliminated the causes of action for violations of TILA and California Civil Code § 2923.5, and added a new cause of action for breach of oral contract. [Doc. No. 8]. Because this was Plaintiff's first amendment of her complaint and because no responsive pleading has yet been filed, the Court allowed Plaintiff to amend her complaint "as a matter of course." [Doc. No. 7 (citing FED. R. CIV. P. 15(a)(1)(A))]. Subsequently, Defendant HomEq filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 10].

## LEGAL STANDARD

A civil action that is filed in state court may be removed if the federal district court has original jurisdiction based on either "diversity of citizenship" or a "federal question." See 28 U.S.C. § 1441(a); see also id. §§ 1331, 1332. Once the case is removed, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Id. § 1447(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

Where, as here, federal jurisdiction is based on a "federal question," the question must be disclosed on the face of the complaint. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998) (citation omitted). Ultimately, the plaintiff is the "master" of his complaint, and "where he may pursue state and federal claims, he is free to pursue either or both, so long as fraud is not involved." Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990). State law claims that are related to a federal question claim may be removed under the doctrine

of supplemental jurisdiction. 28 U.S.C. § 1367(a).[1] However, where the court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state law claims. Id. § 1367(c)(3). While the elimination of all federal claims gives the court "a powerful reason to choose not to continue to exercise jurisdiction," the court's decision to retain, dismiss, or remand the remaining supplemental claims is discretionary. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-57 (1988). In making this decision, the court can take into consideration the following factors: (1) the convenience and fairness to the litigants, (2) the existence of any underlying issues of federal policy, (3) issues of comity, and (4) considerations of judicial economy. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966); Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted).

## DISCUSSION

### I.      Timeliness of the motion to remand

Defendant HomEq argues that Plaintiff's motion to remand should be denied as untimely because it was filed fifty-five days after the case was removed. (Def. Opp. at 8.) In the alternative, HomEq argues that because this case was properly removed to begin with, this Court should exercise its discretion to retain jurisdiction even though the sole federal claim that was present in the original complaint was omitted from the amended complaint. (Id.)

As an initial matter, the Court agrees with HomEq that the present case was, without question, properly removed because, at the time of the removal, the complaint on its face stated a federal cause of action for an alleged TILA violation. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 936 (9th Cir. 2003), amended on other grounds, 350 F.3d 916 (9th Cir. 2003). The Court could also properly exercise supplemental jurisdiction over the state law claims because they formed part of the "same case or controversy" as the TILA claim. See id. at 936 (citing 28 U.S.C. § 1367(a)). However, once Plaintiff dropped the TILA claim, the Court was faced with the decision on whether

---

[1] Section 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

1    to retain jurisdiction or to remand the case under Section 1367(c).[2] <u>See</u> <u>id.</u> at 936-38.

2        The Court, however, rejects HomEq's claim that Plaintiff's motion is untimely. Contrary to

3    HomEq's contentions, Section 1447(c) clearly states that "[a] motion to remand the case on the basis

4    of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the

5    filing of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added). Seeing as the motion for

6    remand in this case is based on lack of subject matter jurisdiction, (Pl. Combined Motion at 7-8), the

7    30-day limit does not apply. <u>See</u> <u>id.</u> Moreover, and in the alternative, even if the 30-day limit applies

8    to bar Plaintiff's *motion*, the Court has the discretion to *sua sponte* remand under Section 1367(c) at

9    any time after the federal question is dismissed from the action. <u>See</u> <u>Acri</u>, 114 F.3d at 1001.

10        Thus, the Court can properly proceed to examine whether, in this case, the <u>Gibbs</u> factors

11    counsel toward retention of supplemental jurisdiction over the remaining state law claims. <u>See</u> <u>id.</u>

12    ("[The] discretion to decline to exercise supplemental jurisdiction over state law claims . . . is

13    informed by the <u>Gibbs</u> values 'of economy, convenience, fairness, and comity.'" (citations omitted)).

14    **II.        Propriety of supplemental jurisdiction**

15        The Court finds that none of the <u>Gibbs</u> factors support retaining jurisdiction in this case. First,

16    as to the convenience and fairness to the litigants, the Court notes that both this Court and the Superior

17    Court for the County of San Diego are located near each other, and there is nothing to indicate that

18    one court or the other will be more or less fair to either of the parties. Thus, this factor favors neither

19    side.

20        Second, as the Supreme Court has stated, "in the usual case in which all federal-law claims are

21    eliminated before trial, the balance of factors to be considered . . . will point toward declining to

22    exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon</u>, 484 U.S. at 350 n.7. In

23    the present case, with the elimination of the TILA claim, the only remaining claims are for state causes

24    of action alleging: (1) negligent misrepresentation, (2) fraud, and (3) breach of oral contract. Thus,

25    _____

26        [2] Although Section 1447(c) states that "[i]f at any time before final judgment it appears that
    the district court lacks subject matter jurisdiction, the case *shall* be remanded," the remand at this

27    stage of the proceedings is in fact *discretional* due to Section 1367(c). <u>See</u> <u>Albingia Versicherungs</u>,
    344 F.3d at 938 ("Section 1447(c) does not mean that if a facially valid claim giving rise to federal

28    jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded.
    Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand
    . . . .").

there does not appear to be any underlying issues of federal policy left to resolve, and therefore this factor weighs toward remanding the case.

Third, the considerations of judicial economy do not support retention of jurisdiction in this case. Less than three months have passed since this case was removed to this Court, and no significant federal judicial resources have yet been expended. Accordingly, the elimination of the sole federal claim gives this Court a "powerful reason" to choose not to continue to exercise supplemental jurisdiction. See id. at 350-51.

Finally, issues of comity also favor remanding the case. As the Supreme Court has cautioned, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Here, the Court concludes that remand is appropriate to let the state court decide issues involving state claims of negligent misrepresentation, fraud, and breach of oral contract.

**CONCLUSION**

For the foregoing reasons, the Court finds that although the present case was properly removed, the dismissal of the sole federal claim at an early stage of the proceedings counsels against this Court retaining jurisdiction. Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this matter to state court. In light of this, the Court **DENIES AS MOOT** HomEq's Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED: November 9, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**